IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:09cr00032-2 |
| v. | ) | Civil Action No. 5:14cv80731 |
| | ) | |
| MOISES MOREJON, | ) | By: Joel C. Hoppe |
| Defendant. | ) | United States Magistrate Judge |

REPORT AND RECOMMENDATION

Moises Morejon, a federal inmate proceeding *pro se*, filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("Petition"). ECF No. 95.[1] The Government filed a motion to dismiss to which Morejon has responded. The matter is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 107. Having considered the parties' filings, the criminal case record, and the applicable law, I find that Morejon's Petition is untimely. I also find that Morejon knowingly and voluntarily waived his right to collaterally attack his sentence when he pled guilty with a written agreement. Accordingly, I recommend that the presiding District Judge grant the motion to dismiss.

I. Standard of Review

A prisoner claiming the right to be released from a federal sentence must show that the district court did not have jurisdiction to impose the sentence; the sentence was imposed in violation of the Constitution or laws of the United States; the sentence exceeded the maximum penalty allowed by law; or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a)–(b); *Michel v. United States*, Nos. 5:06cr41, 5:10cv80281, 2011 WL 767389, at *1 (W.D. Va. Feb. 25, 2011) (Conrad, C.J.). The prisoner ultimately must prove his grounds for

---
[1] ECF numbers refer to entries on the criminal case docket.

1

relief by a preponderance of the evidence. *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004).

On the Government's motion to dismiss, however, the court determines only whether "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord White*, 366 F.3d at 296–97. Summary dismissal is not appropriate when the prisoner alleges facts that, if true, would entitle him to relief on his particular claim. *See White*, 366 F.3d at 297. The court may not reject the prisoner's factual allegations unless they are "palpably incredible" or "patently frivolous or false" when viewed against the whole record. *Id.* The court does not weigh evidence, consider credibility, or resolve disputed issues—it decides only whether the prisoner's filings state a claim for relief under section 2255. *See United States v. Stokes*, 112 F. App'x 905, 906 (4th Cir. 2004) (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## II. Background

A grand jury sitting in the Western District of Virginia indicted Morejon and a codefendant on August 20, 2009. *See* Indictment, ECF No. 13. Morejon was charged in three of the four counts: (1) knowingly and intentionally conspiring to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), 846; (2) knowingly and intentionally possessing with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and (3) knowingly possessing and brandishing a firearm in furtherance of the federal drug-trafficking crime charged in Count Two, in violation of 18 U.S.C. § 924(c). *See id.* at 1–2. The Court appointed counsel to represent Morejon on August 24, 2009. The same day,

the Government filed an Information under 21 U.S.C. § 851 asserting that the State of Florida had convicted Morejon of two "felony drug offenses" in 1997. *See* ECF No. 19.

Morejon and the Government entered into a written plea agreement. *See* Plea Agmt. 1, ECF No. 49. Morejon would plead guilty to the drug conspiracy charged in Count One and to knowingly possessing a firearm in furtherance of a federal drug-trafficking crime, a lesser-included offense of Count Three. *See id.* In exchange, the Government would move at sentencing to dismiss Count Two. *See id.* at 2. The Government also agreed that, if Morejon complied with his obligations under the agreement, it would drop one of his prior drug convictions and "agree not to seek additional enhancements of [his] penalty range."[2] *Id.* at 2–3.

On October 21, 2009, Morejon appeared with counsel for a change-of-plea hearing before United States District Judge Samuel G. Wilson. *See generally* Plea Hr'g Tr. 1–27, ECF No. 86. Morejon said that he intended to plead guilty to conspiring to distribute at least 500

---

[2] Morejon acknowledged that the Government had filed an Information under 21 U.S.C. § 851 "subjecting [him] to an increased penalty" based on two prior convictions for "qualifying felony drug offenses." Plea Agmt. 3. He also stipulated that he had been convicted of selling cocaine and possessing cocaine in violation of Florida law.

The mandatory minimum and potential maximum penalties for the drug conspiracy charged in Count One, as described in the plea agreement, reflected statutory enhancements triggered by these two prior convictions for felony drug offenses:

> Count 1 charges me with conspiring to distribute a controlled substance (500 grams or more of a mixture or substance containing methamphetamine), in violation of 21 U.S.C. §§ 846 [and] 841(b)(1)(A). The *maximum statutory penalty* is a fine of $8,000,000 and/or *imprisonment for a term of life*, plus a term of supervised release. There is a *mandatory minimum sentence of imprisonment for a term of life.*

*Id.* at 1 (emphasis added). The agreement did not set out the potential penalties for that offense if Morejon had only one qualifying prior conviction. *See id.* Before accepting Morejon's guilty plea, however, the District Judge made clear that, even with one prior felony drug conviction, Morejon faced "a mandatory . . . period of not less than 20 years, up to life" in prison if convicted on Count One alone. Plea Hr'g Tr. 18, ECF No. 86; *see also id.* at 3, 6–8, 15–18, 26–27. Morejon testified that he understood the elements of the offense charged in Count One and "all the possible penalties" he faced if convicted of that offense given his past felony-drug convictions. *See id.* at 15–18, 19, 24.

3

grams of a mixture or substance containing a detectable amount of methamphetamine, and to knowingly possessing a firearm in furtherance of a federal drug-trafficking crime. *See id.* at 15–21, 25–26. Judge Wilson asked Morejon if he understood the terms of his written plea agreement, the elements of the offenses charged in Count One and Count Three, the mandatory minimum and maximum penalties if convicted, and all of the rights he was giving up by pleading under the agreement. *See generally id.* at 13–25. Morejon testified that he understood the Court's admonishments and wanted to plead guilty. *See generally id.* at 13–27. Judge Wilson accepted Morejon's pleas of guilty to the drug conspiracy charged in Count One and to the lesser-included firearm offense charged in Count Three. *Id.* at 26–27.

On December 28, 2009, the Government filed an amended section 851 Information listing only Morejon's prior conviction for selling cocaine. ECF No. 60. On January 5, 2010, Judge Wilson sentenced Morejon to twenty-five years in prison, which was the statutory minimum.[3] *See* Judgment 1, ECF No. 62; Plea Hr'g Tr. 21 ("The Court: So under your plea agreement, you understand, essentially that unless a substantial assistance motion is filed, that you will be facing no less than 25 years incarceration?"). Count Two was dismissed per the agreement.

The Court entered the judgment of conviction on January 6, 2010, and Morejon timely filed a *pro se* notice of appeal. ECF No. 65 (Jan. 12, 2010). The United States Court of Appeals for the Fourth Circuit dismissed the appeal on July 2, 2010. *See* ECF Nos. 89, 90. The judgment became final ninety days later, on September 30, 2010. *See United States v. Scott*, No. 2:04cr9, 2010 WL 1490361, at *6 (W.D. Va. Apr. 14, 2010) (when a defendant appeals his conviction

---

[3] Judge Wilson sentenced Morejon to imprisonment for twenty years on Count One and five years on Count Three, to be served consecutively as required under 18 U.S.C. § 924(c)(1)(A) (2006). *See* Judgment 1-2.

4

but the appeal is dismissed, the judgment becomes final when his "opportunity to pursue a writ of certiorari expire[s], ninety days after" dismissal).

Morejon filed his Petition on April 22, 2014.[4] He "challeng[es] the length of his confinement in light of the" Supreme Court's decisions in *Alleyne v. United States*, ---U.S. ---, 133 S. Ct. 2151 (June 17, 2013), and *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (June 20, 2013). Pet. 3, ECF No. 95. The Government moved to dismiss the Petition on May 29, 2014, ECF No. 99, and Morejon responded on July 14, 2014, ECF No. 106. The motion to dismiss is ripe for review and can be resolved on the existing record. *See* 28 U.S.C. § 2255(b) (the district court may dismiss a 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Ray*, 547 F. App'x 343, 345 (4th Cir. 2013) (per curiam) (noting that an evidentiary hearing is required if the movant presents a "colorable" claim for relief "showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue" (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000)).

III. Discussion

Morejon challenges his twenty-year prison sentence for conspiring to distribute at least 500 grams of a mixture or substance containing methamphetamine, the offense charged in Count One. He argues that this sentence is unlawful because the Court, as opposed to a jury, determined the drug weight that triggered a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) (2006). *See* Pet. 7–9 (citing *Alleyne*, 133 S. Ct. 2151). He also argues that his state-court conviction for selling cocaine "was an illegal/invalid predicate" that "improperly enhanced" his

---

[4] A prisoner's 2255 motion is "filed" on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443 (4th Cir. 2003) (per curiam).

5

mandatory minimum sentence under 21 U.S.C. §§ 841 and 851. *See id.* at 10–13 (citing *Descamps*, 133 S. Ct. 2276). The Government responds that Morejon's motion is untimely and that he knowingly and voluntarily waived his right to collaterally attack his sentence under the terms of his written plea agreement. *See* Mot. to Dismiss 4–6, 6–7.

A.   *Timeliness*

A federal prisoner must file his 2255 petition within one year of the latest of four dates:

(1)   the date on which the judgment of conviction becomes final;
(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). The parties agree that Morejon's petition is untimely under subsection (f)(1) because he filed several years after his convictions became final. *See* Pet. 3; Mot. to Dismiss 4–6. They also agree that subsections (f)(2) and (f)(4) do not apply in this case. *See id.* Morejon argues that his petition is timely under subsection (f)(3) because he filed less than one year after *Alleyne* and *Descamps* "initially recognized" the rights asserted in his petition *See* Pet. 3.

For Morejon's petition to be timely, he must show that (1) the Supreme Court recognized a new right or rule, (2) it has been made retroactively applicable to cases on collateral review, and (3) he filed his petition within one year of the date on which the Supreme Court recognized the right or rule.[5] *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (citing 28 U.S.C. §

---

[5] A case announces a "new rule" if it "breaks new ground," imposes a new obligation on the Government or, put differently, "if the result was not dictated by precedent" when the defendant's conviction became final. *Teague v. Lane*, 489 U.S. 288, 301 (1989). A new rule of

2255(f)(3)). Morejon has satisfied the third condition. Determining whether his Petition meets the other two conditions requires an examination of the rules announced in *Alleyne* and *Descamps*. *Cf. id.* at 397 (examining whether *Padilla v. Kentucky*, 559 U.S. 356 (2010), recognized a new right that had been made retroactively applicable to cases on collateral review "so as to enable [the prisoner] to file a timely motion under 28 U.S.C. § 2255" (emphasis omitted)).

    1.    *Alleyne*

In *Alleyne*, a jury convicted the defendant of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See* 133 S. Ct. at 2155–56. That statute imposes increasingly severe mandatory minimum prison sentences depending on whether a firearm was "used or carried," "brandished," or "discharged" during the predicate crime. *See id.* (citing 18 U.S.C. § 924(c)(1)(A)(i)–(iii)). The jury's verdict form indicated "that Alleyne had 'used or carried a firearm during and in relation to a crime of violence,' but did not indicate a finding that the firearm was 'brandished.'" *Id.* at 2156 (internal brackets omitted). Alleyne's presentence report recommended a seven-year prison sentence on the 924(c) count, which reflected the mandatory minimum prison sentence if the firearm had been "brandished." *Id.* Alleyne argued that he was subject to the five-year mandatory minimum sentence for "using or carrying a firearm" because the jury clearly "did not find 'brandishing' beyond a reasonable doubt." *Id.* The district court overruled Alleyne's objection and sentenced him to seven years on that count. *See id.*

---

criminal procedure applies retroactively to cases on collateral review if it implicates "fundamental fairness" and is "central to an accurate determination of innocence or guilt," such that its absence "creates an impermissibly large risk that the innocent will be convicted." *Id.* at 311–13.

7

The court of appeals affirmed. *See id.* At the time, "brandishing" was a sentencing factor that the court could find by a preponderance of the evidence without violating the defendant's Sixth Amendment right to a jury trial. *See id.* (citing *Harris v. United States*, 536 U.S. 545 (2002)). The Supreme Court took Alleyne's case to decide if *Harris* should be overruled. *Id.* at 2155 (overruling *Harris*).

*Alleyne* holds that any fact that triggers a mandatory minimum penalty is an "element" of the offense that must be alleged in a charging document and proven beyond a reasonable doubt.[6] *See* 133 S. Ct. at 2156, 2160–61; *cf. United States v. Bradley*, 581 F. App'x 249, 253 (4th Cir. 2014) (per curiam) (finding plain error after *Alleyne* where "the threshold drug quantity . . . was neither alleged in the indictment nor admitted by Bradley in connection with his guilty plea"). This is indeed a "new" rule of criminal procedure, and it applies to convictions that were not final when the Supreme Court decided *Alleyne* on June 17, 2013. *See United States v. Strayhorn*, 743 F.3d 917, 926 (4th Cir. 2014) (noting that *Alleyne* announced a "new rule for the conduct of criminal prosecutions" that applies in all cases "pending on direct review or not yet final" (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)); *United States v. Frazier*, 572 F. App'x 239, 242 n.3 (4th Cir. 2014) (same). But it has not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. 2013) (per curiam); *Oscar v. United States*, No. 2:93cr131, 2015 WL 104727, at \*2 (E.D. Va. Jan. 6, 2015); *Williams v. United States*, No. 4:09cr39, 2014 WL 526692, at \*4 (W.D. Va. Feb. 7, 2014) (dismissing prisoner's *Alleyne* claim on these grounds); *see also Johnson v. Ponton*, No. 13-7824, --- F.3d ---, 2015 WL 924049, at \*3 n.3 (4th Cir. Mar. 5, 2015) (discussing the different

---

[6] The Supreme Court still "recognize[s] a narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998)).

8

considerations and standards for retroactive application of a new rule to cases on direct review and those on collateral review). Because *Alleyne* is not retroactive for cases on collateral review, section 2255(f)(3) does not apply. Morejon filed more than one year after his conviction became final; thus, his claim is untimely. *Cf. Mathur*, 685 F.3d at 397 (holding that the prisoner's § 2255 motion was untimely because he filed more than one year after his conviction became final and the right asserted had not been made retroactively applicable to cases on collateral review); *United States v. Vasquez*, Nos. 7:09cr15, 7:13cv80619, 2013 WL 5435825, at *3 (W.D. Va. Sept. 27, 2013) (Conrad, C.J.) (holding that "*Alleyne* cannot provide a basis to calculate the statutory filing period for Vasquez's motion under § 2255(f)(3)" because it did not apply to the facts of the prisoner's case, and dismissing the motion as untimely).

Even if *Alleyne* were retroactive, the rule it announced simply does not apply to the facts in Morejon's case. *See Vasquez*, 2013 WL 5435825, at *2. Unlike Alleyne, Morejon gave up his right to have a jury determine whether the Government could prove its case beyond a reasonable doubt. By pleading guilty to Count One, Morejon expressly admitted what the Indictment alleged—that he "conspired . . . to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine." Indictment 1; *see also* Plea Hr'g Tr. 15. That drug weight, along with Morejon's one prior felony drug conviction, triggered a mandatory minimum twenty-year prison sentence under 21 U.S.C. § 841(b)(1)(A). *See* Plea Hr'g Tr. 18. Morejon testified that he read Count One, discussed the charge with his attorney, fully understood the elements of the offense, knew the consequences if convicted of that offense given his criminal history, and admitted that he in fact conspired to distribute at least 500 grams of a mixture or substance containing methamphetamine. *See* Plea Hr'g Tr. 14–15 (elements); *id.* at 16–19 (penalties); *id.* at 24–25 (factual basis and guilty plea); *see also* Plea Agmt. 1–2; *id.* at

9

11. Morejon's "knowing admission under oath required no independent judicial fact finding; the district court simply sentenced him in accordance with [his] admitted conduct." *United States v. Yancy*, 725 F.3d 596, 602 (6th Cir. 2013).

Morejon also alleges that he "didn't fully understand that . . . pleading guilty to five (5) but less than fifteen (15) kilograms of methamphetamine would subject him to a higher penalty and then raise his guideline level." Pet. 8. Those drug weights were relevant to Morejon's base-offense level under the advisory sentencing guidelines, not his mandatory minimum prison sentence under 21 U.S.C. §§ 841 and 846. *See* Presentence Report 6, ECF No. 71 (citing U.S.S.G. § 2D1.1(c)(2) (2009)). Even after *Alleyne*, a court may make factual findings to determine the applicable sentencing guidelines, so long as those findings do not increase the statutory penalties. *See United States v. Benn*, 572 F. App'x 167, 179–80 (4th Cir. 2014).

Moreover, any allegation that Morejon did not understand the applicable mandatory minimum penalty "directly contradict[s his] sworn statements made during a properly conducted Rule 11 colloquy." *Nelson v. United States*, No. 7:07cv141, 2007 WL 2344985, at *3 (W.D. Va. Aug. 15, 2007) (Conrad, J.) (noting that, absent "extraordinary circumstances," the court can reject such allegations as "'palpably incredible' and 'patently frivolous or false'" (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005))). Judge Wilson carefully explained that under the plea agreement Morejon faced a "mandatory . . . period of not less than 20 years, up to life" in prison if convicted on Count One and that "the best scenario for [him under] these circumstances as to this particular count would be a mandatory period of 20 years" in prison. *Id.* at 18–19. Judge Wilson also warned Morejon that the Court would have to impose a mandatory minimum term of life in prison if he did not "comply with [his] side of the agreement." *Id.* at 16–17. Morejon testified that he understood "all the possible penalties" he faced if convicted on

10

Count One. *See id.* at 18–19. Accordingly, Morejon does not allege any facts that would entitle him to relief on his *Alleyne* claim. *See Vasquez*, 2013 WL 5435825, at *2–3.

    2.    *Descamps*

Morejon also claims that his 1997 state-court conviction for selling cocaine "was an illegal/invalid predicate" that "improperly enhanced" his mandatory minimum sentence under 21 U.S.C. §§ 841 and 851. *See* Pet. 10–13 (citing *Descamps*, 133 S. Ct. 2276). He argues that this conviction "should not have counted" because the state-law offense's elements are broader than its federal "generic" counterpart. *See id.* at 10 ("[A]lthough a defendant could be convicted in a [Florida] state court" for selling cocaine "without proof of mens rea, that same defendant could not be convicted under Section 841(a)(1) in federal court.").

In *Descamps*, a jury convicted the defendant of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). 133 S. Ct. at 2282. The Armed Career Criminal Act ("ACCA") mandates a fifteen-year minimum prison sentence "for a person who violates § 922(g) and 'has three previous convictions . . . for a violent felony or serious drug offense.'" *Id.* (quoting 18 U.S.C. § 924(e)(1)). The ACCA "defines a 'violent felony' to mean any felony, whether state or federal, that 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' or that 'is burglary, arson, or extortion . . . .'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)). It defines "serious drug offense" as a federal controlled substance offense punishable by imprisonment of ten years or more or a state offense involving the manufacture, distribution, or possession with intent to distribute a controlled substance that is punishable by imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A).

*Descamps* clarified the existing framework for determining whether a defendant's prior conviction counts as one of the ACCA's enumerated "generic" felonies, such as burglary, which

11

sometimes are defined differently than "the offense as commonly understood."[7] *Id.* at 2281, 2283 (citing *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005)). As before, "[t]he prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* at 2281, 2285. *Descamps* clarified that courts may consult certain "extra-statutory" documents only when the offense is defined "alternatively, with one statutory phrase corresponding to the generic crime and another not." *Id.* at 2285. In that case, the sentencing "court may look to the additional documents to determine which of the statutory offenses (generic or non-generic) formed the basis of the defendant's [prior] conviction." *Id.*

The Supreme Court in *Descamps* did not announce a new rule or recognize a new right. *Ezell v. United States*, --- F.3d ---, 2015 WL 294306, at *2–3 (9th Cir. Jan. 23, 2015); *In re Jackson*, --- F.3d ---, 2015 WL 127370, at *3 (5th Cir. Jan. 8, 2015) (per curiam); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014). But even if it had, the rule would not apply to convictions that were final on June 20, 2013. The courts have not made *Descamps* retroactively applicable to cases on collateral review. *In re Jackson*, 2015 WL 127370, at *3; *United States v. McCloud*, No. 1:01cr14, 2014 WL 1370333, at *2 (W.D. Va. Apr. 8, 2014). Thus, Morejon's *Descamps* claim is untimely because section 2255(f)(3) does not apply, and he filed his petition more than one year after his conviction became final.

Further, *Descamps* does not apply here because Morejon was convicted and sentenced under 21 U.S.C. §§ 841 and 846, "a completely different statutory scheme . . . which does not fall under the ACCA." *United States v. Avila*, 770 F.3d 1100, 1106 (4th Cir. 2014). A person

---

[7] *Descamps* interpreted only the ACCA's "violent felony" clause, not its "serious drug offense" clause. *See generally* 133 S. Ct. at 2282–93.

12

convicted of conspiring to distribute at least 500 grams of a substance containing methamphetamine faces a mandatory minimum ten-year prison sentence. 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). "That minimum doubles to twenty years for defendants previously convicted of a 'felony drug offense.'" *Burgess v. United States*, 553 U.S. 124, 126 (2008) (quoting 21 U.S.C. § 841)). The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any state, federal, or foreign law "that prohibits or restricts conduct relating to narcotic drugs."[8] 21 U.S.C. §§ 802(17), 802(44); *accord Burgess*, 553 U.S. at 126 (holding that the "term 'felony drug offense' contained in § 841(b)(1)(A)'s provision for a 20-year minimum sentence . . . is defined exclusively by § 802(44)").

Morejon admits that he was convicted by a Florida court in 1997 of selling cocaine in violation of state code section 893.13. *See* Plea Agmt. 3–4; Pet. 10, 13; Pet. Ex. B, ECF No. 95-3. That offense is punishable by imprisonment for more than one year under a state law restricting conduct related to a narcotic drug. *See* Fla. Stat. § 893.13(1)(a)(1) (1997) (citing Fla. Stat. §§ 775.82, 893.03(2)(a) (1997)). Thus, Morejon's prior conviction qualified as a "felony drug offense" that properly doubled his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). *See Burgess*, 553 U.S. at 126–27; *United States v. Balcom*, Nos. 4:02cr52, 4:14cv306, 2014 WL 3446984, at *1 (N.D. Fla. July 14, 2014) (holding that the defendant's prior convictions for possessing cocaine were "felony drug offenses" under 21 U.S.C. § 841). Accordingly, Morejon does not allege any facts that would entitle him to relief on this claim.

B.      *Waiver*

The Government also argues that Morejon waived his right to collaterally attack his sentence under the terms of his plea agreement. *See* Mot. to Dismiss 6–7. A criminal defendant

---

[8] The ACCA's definition of "serious drug offense" applies to a considerably narrower scope of criminal offenses. *Compare* 18 U.S.C. § 924(e)(2)(A), *with* 21 U.S.C. § 802(44).

may waive his right to attack his conviction and sentence collaterally, so long as that wavier is knowing and voluntary. *Lemaster*, 403 F.3d at 220; *United States v. Saint-Jean*, 684 F. Supp. 2d 767, 775 (W.D. Va. 2010) (Conrad, J.). Courts will enforce such waivers against any issue falling within the waiver's scope.[9] *See id.*; *United States v. Brantley*, 546 F. App'x 163, 164 (4th Cir. 2013) (per curiam); *Saint-Jean*, 684 F. Supp. 2d at 775–76. "Generally, if a district court fully questions a defendant during the Rule 11 hearing regarding his waiver of collateral attack rights, the waiver is both valid and enforceable." *Saint-Jean*, 684 F. Supp. 2d at 775.

Those requirements were easily met here, and Morejon does not allege otherwise. *See generally* Def. Reply Br. 1–5. Morejon's written plea agreement contains a clear and broadly worded waiver clause: "I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter and agree that I will not file any document which seeks to disturb any such order." Plea Agmt. 7 (emphasis omitted). Morejon initialed the bottom of this page and signed the agreement's final page, indicating that he fully understood and voluntarily agreed to its terms. *See id.* at 7, 12.

Judge Wilson also addressed the terms of the plea agreement, including its waiver clause, at Morejon's Rule 11 hearing.[10] *See* Plea Hr'g Tr. 2–11, 22–23. Morejon testified that he

---

[9] Courts recognize exceptions for a "narrow class of claims" that cannot be waived or for cases where the Government arguably breached the terms of the agreement. *See Lemaster*, 403 F.3d at 220 n.2 (noting that a defendant generally cannot waive his right to collaterally attack a sentence above the statutory maximum or based on constitutionally impermissible factors, such as race); *Saint-Jean*, 684 F. Supp. 2d at 775–76 (noting an exception if the Government allegedly breached the terms of a plea agreement). Morejon's pleadings, liberally construed, do not suggest that either exception applies here.

[10] The Court: Do you also understand that you're waiving your right to collaterally attack your plea and sentence? Has that been fully explained to you, and do you understand that as well?

The Defendant: Yes, Your Honor.

Plea Hr'g Tr. 22–23.

14

understood and voluntarily decided to waive his right to collaterally attack his plea and sentence. *See id.* at 14, 22–23, 26. This testimony "conclusively establishes" that Morejon's collateral-attack waiver is valid and enforceable. *Saint-Jean*, 684 F. Supp. 2d at 775. The basic claim that Morejon raises on collateral attack—that he was not subject to a mandatory minimum twenty-year prison sentence on Count One—falls squarely within the scope of the agreement's waiver. Thus, Morejon cannot raise his *Alleyne* and *Descamps* claims in a § 2255 petition even if those decisions could otherwise provide relief. *Cf. United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005) ("[T]he possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." (internal brackets omitted)).

## IV. Conclusion

Neither *Alleyne* nor *Descamps* provides the starting point for calculating the statutory filing period in Morejon's case. Instead, the one-year clock for Morejon to file his section 2255 petition began to run on September 30, 2010, the date on which the judgment of his conviction became final. His petition is untimely because he filed it more than three years later, on April 22, 2014. The record also conclusively shows that Morejon knowingly and voluntarily waived his right to collaterally attack his sentence when he pled guilty with a written plea agreement, and that his *Alleyne* and *Descamps* claims fall within the waiver's scope. Therefore, I recommend that the Court **DENY** Morejon's motion for an evidentiary hearing, **GRANT** the Government's motion to dismiss, ECF No. 99, **DISMISS** Morejon's Petition, ECF No. 95, and **STRIKE** this case from the docket.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such

> proposed findings and recommendations as provided by rules of court. A judge of
> the court shall make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection is made. A
> judge of the court may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge may also receive
> further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

    The Clerk shall send certified copies of this Report and Recommendation to all counsel of record and unrepresented parties.

                            ENTER: March 6, 2015

                            */s/ Joel C. Hoppe*

                            Joel C. Hoppe
                            United States Magistrate Judge

16

Case 5:09-cr-00032-MFU-RSB Document 109 Filed 03/06/15 Page 16 of 16 Pageid#: 356